■ SAM KASSOVER, Respondent, v. VIM ELECTRIC CO., INC., et al., Appellants.— Order, entered on February 5, 1963, denying defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, with $20 costs and disbursements to the appellants, and the motion granted, with $10 costs, with leave to plaintiff-respondent to replead, in the exercise of discretion. The action is for the breach of an alleged agreement made by plaintiff and his three brothers, who are defendants, under which plaintiff transferred to each of the brothers shares of stock in defendant corporation equal in amount to that he retained, with the result that each held one fourth of the shares. Plaintiff alleges that the agreement provided that the business of the corporation and the corporation itself were to be owned, controlled, managed and directed by the four brothers "as equal partners" during their lifetime, that none could be ousted therefrom, and that each would receive equal compensation and equal shares of the assets and profits. Plaintiff alleges that pursuant to this agreement, and in furtherance of the purposes of the "partnership venture", the four, over a period of 36 years, formed about 60 corporations and acquired substantial assets. Plaintiff alleges that the agreement has been breached in that he has been ousted from his position as director and president of defendant corporation, defendant Smith having replaced him, and in other respects. The facts as alleged closely parallel those in the case of *Manacher* v. *Central Coal Co.* (284 App. Div. 380, 385, affd. 308 N. Y. 784) in which it was stated: "When * * * relief is sought upon the ground that the corporation has become a mere agency or instrumentality for the performance of an independent agreement of joint adventurers or partners the aggrieved party is relegated to his rights as a stockholder and may not sue in his individual capacity." For that reason, the complaint here, as in the *Manacher* case, alleges an agreement which is against public policy, and therefore is insufficient. Plaintiff argues that there is alleged merely an agreement regulating the manner in which the brothers, as shareholders and directors, will exercise their control of the corporation (see *Clark* v. *Dodge*, 269 N. Y. 410), but the present allegations go well beyond that. However, it may be that plaintiff is in a position to replead a better complaint. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.